Filed 12/16/25  Verceles v. L.A. Unified School District CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JUNNIE VERCELES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>    Defendant and Respondent. | B343606<br><br>(Los Angeles County Super. Ct. No. 19STCV09932) |

APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Barbara M. Scheper, Judge. Affirmed.

Wyatt Law and Andrew M. Wyatt for Plaintiff and Appellant.

Office of the General Counsel, Los Angeles Unified School District, and Michael D. Johnson for Defendant and Respondent.

# INTRODUCTION

Junnie Verceles was a middle school teacher in the Los Angeles Unified School District. Over several years, and despite repeated (and well-documented) counseling and guidance, Verceles was unable to maintain a professional demeanor in the classroom. The District terminated Verceles's employment after he pushed an eighth-grade student out of his classroom, threw the student's backpack out the door, used profanity, and told the student to leave.

Verceles sued the District, asserting causes of action for age discrimination (Verceles is over 40), race and national origin discrimination (Verceles is Filipino), and retaliation (Verceles filed a discrimination complaint with the Department of Fair Employment and Housing (DFEH)), all under the Fair Employment and Housing Act (Gov. Code, § 12940 et seq.) (FEHA). In two prior appeals we reversed an order granting and affirmed an order denying the District's special motions to strike under Code of Civil Procedure section 425.16 (commonly known as the anti-SLAPP statute),[1] rejecting the District's contention its investigation into Verceles's misconduct and decision to terminate his employment was protected speech-related activity. In subsequent proceedings the trial court sustained without leave to amend the District's demurrer to Verceles's two discrimination causes of action, granted the District's motion for summary judgment on Verceles's retaliation cause of action, and awarded the District $94,411 in costs of proof under section 2033.420.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

Verceles argues the trial court erred in granting (with leave to amend) the District's motion for judgment on the pleadings on his discrimination causes of action. We conclude Verceles forfeited this argument by amending his complaint to address the deficiencies the court identified in those causes of action. Verceles also argues the court erred in later sustaining (without leave to amend) the District's demurrer to the discrimination causes of action in his third amended complaint. We conclude that Verceles forfeited this argument too, this time by failing to provide reasoned argument supported by legal authority, and that, in any event, his argument lacks merit because Verceles failed to allege the District terminated his employment because of his age, race, or national origin—an essential element of a discrimination cause of action.

In challenging the trial court's order granting the District's motion for summary judgment on Verceles's remaining cause of action for retaliation, Verceles argues the trial court abused its discretion in denying his request to continue the hearing on the motion to allow him to conduct additional discovery. We conclude the trial court did not abuse its discretion because Verceles did not show good cause for a continuance, as required by section 437c, subdivision (h). On the merits, we conclude the trial court did not err in granting the District's motion for summary judgment. The District offered ample and undisputed evidence it terminated Verceles's employment due to his poor job performance, and Verceles neither disputed the District's material facts nor offered evidence to support an inference the District's explanation was a pretext designed to conceal a retaliatory motive. Finally, we conclude the trial court did not

3

err in awarding the District its costs of proof under section 2033.420. Therefore, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Verceles Works for the District, and the District Terminates His Employment*

Verceles, who is Filipino and was 46 years old when he filed his complaint in March 2019, began working for the District in 1998. According to his original complaint, in December 2015 Verceles was "removed from his school and placed on reassignment with the local district office . . . due to an allegation of misconduct." The District did not tell Verceles the specifics of the allegation, saying only he had been accused of misconduct involving a student. Verceles remained on paid suspension, which he calls "teacher jail," for several years, during which the District told him to stay home and report his hours to the District. He was not allowed to teach or pursue continuing education or professional development. (See *Verceles v. Los Angeles Unified School District* (2021) 63 Cal.App.5th 776, 780 (*Verceles I*).)

In November 2016, while the District was investigating his alleged misconduct, Verceles filed a discrimination complaint with the DFEH (now the Civil Rights Department). The DFEH closed the case on March 7, 2017. (*Verceles I, supra,* 63 Cal.App.5th at p. 780.) The District concluded its investigation in February 2018. In March 2018 the District's Board of Education voted to terminate Verceles's employment. (*Verceles I,* at p. 780.)

4

B.	*Verceles Sues the District*

In March 2019 Verceles filed this action and asserted three causes of action under FEHA: age discrimination, race and national origin discrimination, and retaliation. Verceles alleged discrimination based on disparate impact, claiming his reassignment and suspension resulted from the District's pattern and practice of discriminating against employees based on age, race, and national origin. Verceles also alleged the District's investigation leading to his termination was "neither prompt nor thorough. The investigator interviewed only 8 students out of a class of over 30. Had the investigator done a proper investigation, the truth would have been revealed that one of the students was pressuring others to lie about what happened."

C.	*The Trial Court Grants the District's First Special*
	*Motion To Strike, and We Reverse*

In June 2019 the District filed a special motion to strike the complaint under section 425.16, arguing it was based on acts in furtherance of the District's rights of petition and free speech. The trial court granted the motion, and Verceles appealed. (*Verceles I*, *supra*, 63 Cal.App.5th at pp. 781-782.)

We reversed. We held Verceles's causes of action did not arise from the District's protected activity under section 425.16, subdivision (e)(2), because Verceles based his causes of action on the District's "decisions to reassign him and terminate his employment rather than on any communications made during the investigation or the investigation as a whole." (*Verceles I*, *supra*, 63 Cal.App.5th at p. 786.) We also held Verceles's causes of action were not based on protected activity within the meaning of section 425.16, subdivision (e)(4), because the District had "not

5

identified any recognized constitutionally protected right of free expression that a school district has in its teacher assignment and hiring decisions." (*Id*. at pp. 789-790.) Nor, we concluded, had the District shown it acted in furtherance of a constitutional right to petition. (*Id*. at pp. 790-792.)

D.    *The District Files More Motions, and Verceles Amends His Complaint Twice*

In August 2021 the District moved for judgment on the pleadings. The District argued, regarding the two discrimination causes of action, that Verceles had not alleged a prima facie case of discrimination based on disparate impact and that Verceles failed to exhaust his administrative remedies for his discrimination claims because his DFEH complaint alleged discrimination based on disparate treatment, not (as alleged in his complaint) disparate impact. The District also argued Verceles failed to plead an essential element of his retaliation cause of action—namely, that the District acted with retaliatory animus. The court granted the motion with leave to amend his complaint.

In October 2021 Verceles filed a first amended and (on the same day) a second amended complaint. Verceles largely repeated the factual allegations of his original complaint, but instead of alleging discrimination based on disparate impact, he alleged age, race, and national origin discrimination based on disparate treatment. Specifically, Verceles alleged his suspension "adversely affected the terms and conditions of [his] employment on the basis that [he] was over the age of 40" and "on the basis that [he] was Filipino." Verceles added an allegation the vice principal of his school "discriminated against [him] by

6

going out of her way to investigate and take disciplinary action against [him]."

The District demurred to the second amended complaint, and the court sustained the demurrer with leave to amend. The District also filed (as a delay tactic: we had already ruled Verceles's claims did not arise from protected activity) another special motion under section 425.16 to strike the discrimination causes of action in the second amended complaint. The District argued that, in the second amended complaint (unlike the original complaint), Verceles alleged the District investigated his alleged misconduct for a discriminatory reason. The trial court, relying on our decision in *Verceles I*, denied the special motion to strike, ruling the allegations in the complaint did not arise from protected oral or written statements, but instead arose from Verceles's suspension and the allegedly inadequate investigation. The District appealed (i.e., its delay tactic was successful), and we affirmed the trial court's order denying the District's second motion under section 425.16, again concluding Verceles's allegations did not arise from protected speech-related activity. (*Verceles v. Los Angeles Unified School District* (Aug. 22, 2023, B318471) [nonpub. opn.] (*Verceles II*).)

E.    *Verceles Amends His Complaint Again, and the Trial Court Sustains the District's Demurrer to His Discrimination Causes of Action Without Leave To Amend*

Verceles amended his complaint a third time. In January 2024 the District demurred to the third amended complaint. The District argued that Verceles did not allege facts sufficient to constitute his discrimination causes of action; that

7

Verceles did not allege discriminatory animus in his retaliation cause of action; and that Verceles's withdrawal of his request for a hearing under Education Code section 44934 was "an intervening causation act" that broke any "causal nexus between any supposed retaliatory motive by the Board of Education" and the termination of Verceles's employment.[2]  Verceles opposed the demurrer.  The trial court sustained the demurrer to the two discrimination causes of action without leave to amend and overruled the demurrer to the cause of action for retaliation.

F.    *The District Moves for Summary Judgment on Verceles's Retaliation Cause of Action*

In May 2024 the District filed a motion for summary judgment on Verceles's sole remaining cause of action for

---

[2]    Education Code section 44934, subdivision (b), provides: "'Upon the filing of written charges, duly signed and verified by the person filing them, with the governing board of the school district, or upon a written statement of charges formulated by the governing board of the school district, charging that there exists cause . . . for the dismissal or suspension of a permanent employee of the school district, the governing board of the school district may, upon majority vote, . . . give notice to the permanent employee of its intention to dismiss or suspend him or her at the expiration of 30 days from the date of service of the notice, unless the employee demands a hearing as provided in this article.'" (See *Verceles I*, *supra*, 63 Cal.App.5th at p. 791, fn. 7.)  Education Code section 44944, subdivision (b)(1)(A), provides that, if the employee requests a hearing before the Commission on Professional Competence, the hearing must commence within six months of the request.  (See Ed. Code, § 44944, subd. (c)(1).)

8

retaliation. The District argued that Verceles could not show discriminatory animus by any employee of the District; that Verceles could not show a causal connection between the protected activity (filing a complaint with the DFEH) and the termination of his employment; that the District had legitimate business reasons to terminate Verceles's employment (his history of losing his temper with students and poor classroom management); and that Verceles could not show the District's justification for his employment termination was pretextual.

Verceles filed a request to continue the hearing under section 437c, subdivision (h). Counsel for Verceles characterized the District's motion for summary judgment as "premature," stating in his declaration that he did not serve written discovery requests until June 2024 (after the District filed its motion for summary judgment), that he had not yet received responses to those discovery requests, and that he had not yet noticed any depositions. The trial court denied the request for a continuance.

Verceles filed an opposition to the motion for summary judgment. He disputed only a handful of the District's undisputed material facts and did not submit any evidence or present any additional material facts.

G. *The Trial Court Grants the District's Motion for Summary Judgment and Awards the District Its Costs of Proof*

The trial court granted the District's motion for summary judgment. The court stated Verceles filed his opposition "well beyond the statutory deadline" and "did not submit any evidence whatsoever in Opposition to the Motion for Summary Judgment." The court ruled that Verceles "does not dispute the vast majority

9

of the Undisputed Facts" and that the "few facts in the Separate Statement that [Verceles] identifies as 'disputed,' do not actually appear to be in dispute based on [Verceles's] response to the Separate Statement."

The District filed a motion under Government Code section 12965 seeking over $295,000 in attorneys' fees and costs on the ground Verceles brought this action "'in bad faith, frivolously, or maliciously.'"[3]  In the alternative, the District sought, under section 2033.420, $94,411 in attorneys' fees and costs incurred in proving facts Verceles unreasonably denied in responding to the District's requests for admission.  Verceles opposed the motion.

The trial court denied the District's motion under Government Code section 12965, subdivision (c)(6), ruling the District had not shown Verceles "brought or continued prosecuting his action without an objective basis for believing it had potential merit."  The court, however, granted the District's motion under section 2033.420 and awarded the District the $94,411 it requested for its attorneys' fees and costs of proof.

The court entered judgment in favor of the District on December 10, 2024.  Verceles timely appealed.

---

[3]     Government Code section 12965, subdivision (c)(6), provides that "a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so."

10

# DISCUSSION

A. *By Amending His Complaint Verceles Waived His Right To Challenge the Trial Court's Ruling on the District's Motion for Judgment on the Pleadings*

Verceles argues the trial court erred in granting the District's motion for judgment on the pleadings on his two discrimination causes of action with leave to amend. Because Verceles amended those causes of action after the court ruled on the motion for judgment on the pleadings, however, he forfeited the right to challenge any error in that ruling.

A motion for judgment on the pleadings "functions like a demurrer in that it is an attack on the face of the pleading. [Citations.] When a party chooses to amend the complaint after such a motion is [granted], it waives the right to appeal any error therein. [Citations.] '[W]hen a party does not leave his pleading where the order sustaining the demurrer has left it, he waives any error on the part of the trial court in sustaining the demurrer. [Citations.] When he amended his complaint . . . he in effect admitted that the demurrer was good and that his complaint was insufficient . . . .'" (*Anmaco, Inc. v. Bohlken* (1993) 13 Cal.App.4th 891, 900; see *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966, fn. 2 [by amending its complaint rather than challenging the trial court's order on appeal, the plaintiff "waived its right to appeal any error in the sustaining of the first demurrer"]; *People ex rel. Omlansky v. Save Mart Supermarkets* (2019) 39 Cal.App.5th 523, 525-526 ["any amendment of the portion of the complaint as to which the court sustained the demurrer waives consideration of the ruling in an appeal from the final judgment"]; *County of Santa Clara v. Atlantic Richfield*

11

*Co.* (2006) 137 Cal.App.4th 292, 312 ["where the plaintiff chooses to amend, any error in the sustaining of the demurrer is ordinarily waived"].) Where, as here, "the plaintiff amends the cause of action to which the demurrer was sustained," the waiver rule applies. (*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.* (2009) 171 Cal.App.4th 35, 44; accord, *Duke v. Superior Court* (2017) 18 Cal.App.5th 490, 498.)[4]

In his original complaint Verceles alleged discrimination based on disparate impact, not disparate treatment. They are different theories. "'Disparate treatment' is *intentional* discrimination against one or more persons on prohibited grounds. [Citations.] Prohibited discrimination may also be found on a theory of 'disparate impact,' i.e., that regardless of motive, a *facially neutral* employer practice or policy, bearing no manifest relationship to job requirements, *in fact* had a disproportionate adverse effect on members of the protected

---

[4] The waiver-by-amendment rule applies "only on a *cause-of-action-by-cause-of-action basis*." (*National Union Fire Ins. Co. of Pittsburgh, PA v. Cambridge Integrated Services Group, Inc.*, *supra*, 171 Cal.App.4th at p. 44.) "'If a plaintiff chooses not to amend one cause of action but files an amended complaint containing the remaining causes of action or amended versions of the remaining causes of action, no waiver occurs and the plaintiff may challenge the intermediate ruling on the demurrer on an appeal from a subsequent judgment. It is only where the plaintiff amends *the cause of action* to which the demurrer was sustained that any error is waived.'" (*Duke v. Superior Court*, *supra*, 18 Cal.App.5th at p. 498.) Verceles amended the two causes of action to which the trial court granted the District's motion for judgment on the pleadings with leave to amend.

class." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 354, fn. 20; see *Rosenfeld v. Abraham Joshua Heschel Day School, Inc.* (2014) 226 Cal.App.4th 886, 893.) For his age discrimination cause of action, Verceles alleged the District's "reliance on the illegitimate 'teacher jail' to remove teachers, and in particular, [Verceles], from their teaching assignments and have them sit at home, has an adverse impact on employees over the age of 40 in violation of FEHA and cannot be justified by business necessity." He also alleged the District's "policies, patterns, and/or practices have an unlawful disparate impact on teachers over the age of 40 . . . ." He alleged similar facts for his discrimination cause of action based on race and national origin.

In its motion for judgment on the pleadings the District argued that Verceles failed to allege sufficient facts to constitute a cause of action because he alleged discrimination based on disparate impact, but failed to allege any facts "regarding any statistical disparity," and that the court lacked jurisdiction over the discrimination causes of action because Verceles did not exhaust his administrative remedies. On the exhaustion point, the District argued Verceles alleged discrimination based on disparate treatment in his DFEH complaint, but alleged discrimination based on disparate impact in his complaint in this action.

The court granted the District's motion for judgment on the pleadings with leave to amend the complaint. Verceles amended his complaint and removed the allegations of discrimination based on disparate impact. Instead, Verceles alleged the District discriminated against him directly (i.e., disparate treatment) because its investigation into his alleged misconduct was "neither prompt nor thorough."

13

Verceles argues that the "trial court erred in granting the judgment on the pleadings on the basis of failure to exhaust administrative remedies with the DFEH" and that he "alleged sufficient facts to allege that there was disparate impact discrimination." But because Verceles abandoned the disparate impact theory when he amended his discrimination causes of action after the court granted the District's motion for judgment on the pleadings with leave to amend, he effectively conceded that the court's ruling was correct and that his complaint was deficient. Therefore, Verceles waived his challenge to the court's ruling.

B. *Verceles's Challenge to the Trial Court's Ruling on the District's Demurrer to the Third Amended Complaint Is Forfeited and Meritless*

1. *Standard of Review*

"'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.'" (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; see *Childhelp, Inc. v. City of Los Angeles* (2023) 91 Cal.App.5th 224, 234.) We "'accept the truth of material facts properly pleaded in the operative complaint, but not contentions, deductions, or conclusions of fact or law.'" (*Capito v. San Jose Healthcare System, LP* (2024) 17 Cal.5th 274, 280.) We "'accept as true even improbable alleged facts, and we do not concern ourselves with the plaintiff's ability to prove [the] factual allegations.'" (*Bath v. State of California* (2024) 105 Cal.App.5th 1184, 1193; accord, *Nolte v. Cedars-Sinai Medical Center* (2015) 236 Cal.App.4th

14

1401, 1406; see *River's Side at Washington Square Homeowners Assn. v. Superior Court* (2023) 88 Cal.App.5th 1209, 1227 ["'No matter how unlikely or improbable, plaintiff's allegations must be accepted as true for the purpose of ruling on the demurrer.'"].) "We liberally construe the pleading with a view to substantial justice between the parties." (*Stella v. Asset Management Consultants, Inc.* (2017) 8 Cal.App.5th 181, 190.)

Where, as here, "the demurrer was sustained without leave to amend, we consider whether there is a 'reasonable possibility' that the defect in the complaint could be cured by amendment." (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1050.) "The burden is on plaintiff[ ] to prove that amendment could cure the defect." (*Ibid.*) "'"While such a showing can be made for the first time to the reviewing court [citation], it must be made."'" (*Childhelp, Inc. v. City of Los Angeles*, *supra*, 91 Cal.App.5th at p. 235; see *Nealy v. County of Orange* (2020) 54 Cal.App.5th 594, 608.)

### 2. *Applicable Law—Discrimination*

FEHA provides that, with certain exceptions, it is an unlawful employment practice for an employer to discharge a person from employment or to discriminate against a person in compensation or in terms, conditions, or privileges of employment because of the person's age, race, or national origin. (Gov. Code, § 12940, subd. (a).) To state a discrimination cause of action under FEHA, the plaintiff must allege (1) he was a member of a protected class; (2) he suffered an adverse employment action; (3) he was satisfactorily performing his job when the adverse action was taken against him; and (4) there were circumstances suggesting that the employer acted with a prohibited

15

discriminatory motive.  (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067; *Guz v. Bechtel National, Inc., supra*, 24 Cal.4th at p. 355; *Wawrzenski v. United Airlines, Inc.* (2024) 106 Cal.App.5th 663, 684 (*Wawrzenski*).)

### 3. *Verceles Forfeited His Argument*

Verceles argues the trial court erred in sustaining the District's demurrer to his discrimination causes of action.  By failing to provide any analysis supported by relevant legal authority, however, Verceles forfeited the argument.

We presume the trial court's judgment or order is correct, and the appellant has the burden to affirmatively demonstrate error.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609; see *Brockman v. Kaiser Foundation Hospitals* (2025) 114 Cal.App.5th 569, 588 ["an order of the lower court is *presumed correct*—that is, all intendments and presumptions are indulged to support it on matters as to which the record is silent—and the appellant must affirmatively demonstrate prejudicial error"]; *Argueta v. Worldwide Flight Services, Inc.* (2023) 97 Cal.App.5th 822, 833 [same].)  An appellant forfeits an argument by failing to support it with "reasoned argument and citations to authority . . . ." (*AmeriGas Propane, L.P.  v. Landstar Ranger, Inc.* (2010) 184 Cal.App.4th 981, 1001, fn. 4; see *Coziahr v. Otay Water Dist.* (2024) 103 Cal.App.5th 785, 799 ["Points must be supported by reasoned argument, authority, and record citations, or may be deemed forfeited."]; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 [appellant's "burden on appeal 'includes the obligation to present *argument and legal authority on each point* raised'"].)

In his opening brief Verceles includes five paragraphs stating the general law governing demurrers and the applicable

16

standard of review. Verceles then asserts: "The trial court erred by dismissing Verceles's race/national origin and age discrimination claims. Verceles has alleged sufficient facts to overcome the granting [*sic*] of the demurrer with prejudice. In the Complaint, Verceles made allegations that the District's policies impacted certificated employees over the age of 40 and Filipino. At the pleading stage the demurrer should have been overruled. On the Third Amended Complaint, Verceles made allegations that he was treated differently on the basis of his age and race. As stated about the Complaint, this should have been adequate to overrule the demurrer." That's it. No law, no citations to the record, no discussion of the allegations in his complaint, no explanation for why those allegations were sufficient to constitute causes of action for discrimination. By failing to make a reasoned argument supported by citations to relevant authority and the record, Verceles forfeited his argument the trial court erred in sustaining the demurrer to the discrimination causes of action in the third amended complaint.

4. *Verceles's Argument Lacks Merit*

And even if not forfeited, Verceles's argument the trial court erred in sustaining the demurrer to his discrimination causes of action lacks merit. As stated, a plaintiff like Verceles asserting a cause of action for discrimination under FEHA must allege that he is a member of a protected class, that he suffered an adverse employment action, that he was performing his job satisfactorily at the time of the adverse action, and that some circumstance suggests the employer acted with a discriminatory motive. (*Guz v. Bechtel National, Inc.*, *supra*, 24 Cal.4th at p. 355; see *Hoglund v. Sierra Nevada Memorial-Miners Hospital*

(2024) 102 Cal.App.5th 56, 74 [age discrimination]; *Martin v. Board of Trustees of California State University* (2023) 97 Cal.App.5th 149, 161-162 [race or national origin discrimination].)

Because Verceles did not allege a prima facie case of discrimination on the basis of either age or race/national origin, the trial court did not err in sustaining the District's demurrer to the discrimination causes of action. In particular, Verceles did not allege he was performing his job competently at the time the District removed him from the classroom. (And given the undisputed evidence presented by the District in support of its subsequent motion for summary judgment, which we discuss in Section D, it is unlikely he could make such an allegation.) Nor did Verceles allege any circumstance suggesting the District acted with a discriminatory motive. Verceles did not allege the District launched its investigation into his alleged misconduct or limited the scope of its investigation because of his age or national origin. (See *Hoglund v. Sierra Nevada Memorial-Miners Hospital*, *supra*, 102 Cal.App.5th at p. 74 [employee alleging age discrimination must prove the employer took an adverse employment action against him because of his age]; see also *Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 215 ["The phrase 'because of' means there must be a causal link between the employer's consideration of a protected characteristic and the action taken by the employer."].)

Verceles also did not allege facts to support an inference of discriminatory motive. Verceles did not allege, for example, that the District filled his position with either a younger or a non-Filipino teacher or that anyone involved in the investigation or the decision to terminate his employment was aware of his age or

18

national origin or harbored bias against him for that reason.  And Verceles did not allege in the operative third amended complaint that the District's policies impacted employees who were over the age of 40 or were Filipino or that he was treated differently because of his age or national origin.

Verceles did allege that Vice Principal Monique McDuffie discriminated against him by initiating an investigation into his misconduct and that the District conducted a lethargic and limited investigation, interviewing only eight of the approximately 30 student witnesses.  These allegations, if proven, might demonstrate the District conducted a less-than-exemplary investigation or treated Verceles unfairly, but they would not, without more, show the District acted with discriminatory animus.  (See *Zamora v. Security Industry Specialists, Inc.* (2021) 71 Cal.App.5th 1, 32 [an employee ""cannot simply show that the employer's decision was wrong or mistaken""; the ""issue is whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent""]; *Veronese v. Lucasfilm Ltd.* (2012) 212 Cal.App.4th 1, 21 ["a plaintiff in a discrimination case must show discrimination, not just that the employer's decision was wrong, mistaken, or unwise"]; *Arteaga v. Brink's, Inc.* (2008) 163 Cal.App.4th 327, 344 [an ""employer may fire an employee for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason""].)

Finally, Verceles has not shown the trial court abused its discretion in sustaining the District's demurrer without leave to amend.  "The onus is on the *plaintiff* to articulate the 'specifi[c] ways' to cure the identified defect, and absent such an

19

articulation, a trial or appellate court may grant leave to amend 'only if a potentially effective amendment [is] both apparent and consistent with the plaintiff's theory of the case.'" (*Schaeffer v. Califia Farms, LLC* (2020) 44 Cal.App.5th 1125, 1145; see *Summerfield v. City of Inglewood* (2023) 96 Cal.App.5th 983, 1000 ["'The burden of showing that a reasonable possibility exists that amendment can cure the defects remains with the plaintiff; neither the trial court nor this court will rewrite a complaint.'"].) Where, as here, "'the appellant offers no allegations to support the possibility of amendment and no legal authority showing the viability of new causes of action, there is no basis for finding the trial court abused its discretion when it sustained the demurrer without leave to amend.'" (*Summerfield*, at p. 1000.) Verceles does not explain how he could amend his complaint to cure its defects. And in the trial court Verceles did not lodge an amended complaint with his opposition to the demurrer or request the opportunity to amend his complaint.

C.     *The Trial Court Did Not Err in Denying Verceles's Ex Parte Application To Continue the Hearing on the District's Motion for Summary Judgment*

Verceles argues the trial court erred in denying his ex parte application to continue the hearing on the District's motion for summary judgment. We review the court's ruling for abuse of discretion (see *Braganza v. Albertson's LLC* (2021) 67 Cal.App.5th 144, 152) and find none here.

Section 437c, subdivision (h), states: "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be

20

presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." The declaration supporting a request for continuance must show """(1) the facts to be obtained are essential to opposing the motion; (2) there is reason to believe such facts may exist; and (3) the reasons why additional time is needed to obtain these facts.""" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 656; accord, *Braganza v. Albertson's LLC, supra*, 67 Cal.App.5th at pp. 152-153; see *Cooksey v. Alexakis* (2004) 123 Cal.App.4th 246, 254.) "The statute mandates a continuance of a summary judgment hearing upon a good faith showing by affidavit that additional time is needed to obtain facts essential to justify opposition to the motion." (*Cooksey*, at pp. 253-254.)

Counsel for Verceles did not make a good faith showing he needed additional discovery to oppose the District's motion for summary judgment. In his declaration counsel did not identify any specific facts he needed to oppose the District's motion; he simply said he needed more time to conduct discovery. In his (unsigned and therefore inadmissible) reply declaration counsel identified one person (McDuffie), plus a few categories of unnamed people,[5] he intended to depose. But he still did not identify the specific facts he hoped to discover. (See *Chavez v. 24 Hour Fitness USA, Inc.* (2015) 238 Cal.App.4th 632, 643 ["'The party seeking the continuance must justify the need, by detailing both the particular essential facts that may exist and the specific

---

[5] District "investigators, Board members who were involved in the termination decision, and numerous other employees involved in the termination process."

21

reasons why they cannot then be presented.'"]; *Cooksey v. Alexakis*, *supra*, 123 Cal.App.4th at p. 254 ["'It is not sufficient under the statute merely to indicate further discovery or investigation is contemplated. The statute makes it a condition that the party moving for a continuance show "facts essential to justify opposition may exist."'"]; *Roth v. Rhodes* (1994) 25 Cal.App.4th 530, 548 ["trial court was fully justified in finding the declaration insufficient to support a continuance" under section 437c, subdivision (h), where the plaintiff's "declaration indicate[d] . . . depositions remained to be completed and [the plaintiff] had not yet received his expert opinions," but did not include a statement suggesting "what facts might exist to support the opposition to the motions"].)

Counsel for Verceles also failed to explain why he waited until two months after the District had filed its motion for summary judgment to request a continuance. And counsel for Verceles did not explain why he had not conducted *any* discovery before the District filed its motion. "A good faith showing that further discovery is needed to oppose summary judgment requires some justification for why such discovery could not have been completed sooner." (*Cooksey v. Alexakis, supra*, 123 Cal.App.4th at p. 257; accord, *Braganza v. Albertson's LLC*, *supra*, 67 Cal.App.5th at p. 157.) Verceles filed his complaint in March 2019, and the District filed its motion for summary judgment in May 2024. Although the matter was stayed pending appeal for a substantial portion of that time, Verceles had time to conduct some discovery. The District did. (The trial court estimated the parties had been able to take discovery for approximately one year, in total, when the District filed its motion.) But in his declaration counsel for Verceles said he "had

22

just served written discovery in early June"—a month *after* the District filed its motion for summary judgment. And as of early July 2024 counsel for Verceles had (still) not noticed any depositions. (See *Rodriguez v. Oto* (2013) 212 Cal.App.4th 1020, 1038 [trial court did not abuse its discretion in denying a request for a continuance under section 437c, subdivision (h), where the plaintiff "offered no cogent justification for the extreme tardiness of his attempts to gather evidence"]; *Knapp v. Doherty* (2004) 123 Cal.App.4th 76, 102 [trial court did not abuse its discretion in denying a request for a continuance under section 437c, subdivision (h), where the plaintiffs "could have easily requested this information through basic discovery at the commencement of the case" and "provided no explanation for not having done so"].)[6]

---

[6] In denying Verceles's ex parte application to continue the hearing on the District's motion for summary judgment, the trial court stated that, though Verceles had failed "to make the required showing" under section 437c, subdivision (h), he was "not foreclosed from attempting to demonstrate a properly sufficient showing for the same purpose at the hearing on [the District's] Motion For Summary Judgment," which was scheduled for three and a half weeks later. Verceles never made that attempt.

23

D.      *The Trial Court Did Not Err in Granting the District's Motion for Summary Judgment on Verceles's Retaliation Cause of Action*

1.      *Summary Judgment Law and Standard of Review*

The court may grant a motion for summary judgment or summary adjudication when ""'all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"" (*Campbell v. FPI Management, Inc.* (2024) 98 Cal.App.5th 1151, 1161; see § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) A defendant who moves for summary judgment has the initial burden of showing each cause of action is without merit. (See § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843; *Sabetian v. Exxon Mobil Corp.* (2020) 57 Cal.App.5th 1054, 1068.) "A defendant can meet this burden by 'prov[ing] an affirmative defense, disprov[ing] at least one essential element of the plaintiff's cause of action [citations], or show[ing] that an element of the cause of action cannot be established.'" (*Severin Mobile Towing, Inc. v. JPMorgan Chase Bank, N.A.* (2021) 65 Cal.App.5th 292, 302; see § 437c, subd. (p)(2).)

If "the defendant moves for summary judgment on the grounds that one or more elements of the plaintiff's [cause of action] cannot be established, the defendant must present evidence that either 'conclusively negate[s] an element of the plaintiff's cause of action' or 'show[s] that the plaintiff does not possess, and cannot reasonably obtain,' evidence needed to establish an element . . . ." (*White v. Smule, Inc.* (2022)

24

75 Cal.App.5th 346, 354; see *Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at pp. 853-855; *Doe v. Roman Catholic Archbishop of Los Angeles* (2021) 70 Cal.App.5th 657, 668.) "'Only after the defendant carries that initial burden does the burden shift to the plaintiff "to show that a triable issue of one or more material facts exists as to the cause of action . . . ."'" (*Fajardo v. Dailey* (2022) 85 Cal.App.5th 221, 225-226; see § 437c, subd. (p)(2); *Aguilar*, at pp. 849-850.) "There is a triable issue of material fact if, and only if, the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar*, at p. 850; see *Lemm v. Ecolab Inc.* (2023) 87 Cal.App.5th 159, 169.)

In an appeal from a judgment after an order granting a motion for summary judgment, we review the record de novo to determine whether there are any triable issues of material fact. (*Aguilar v. Atlantic Richfield Co., supra,* 25 Cal.4th at p. 850; *Wawrzenski, supra,* 106 Cal.App.5th at p. 684.) "'"[W]e take the facts from the record that was before the trial court when it ruled on [the] motion. [Citation.] . . . . We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party."'" (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347; see *Wawrzenski*, at p. 684.) "'"We need not defer to the trial court and are not bound by the reasons in its summary judgment ruling; we review the ruling of the trial court, not its rationale."'" (*Wawrzenski,* at p. 684.)

### 2.    *Applicable Law—Retaliation*

FEHA makes it unlawful for an employer "to discharge . . . or otherwise discriminate against any person because the person has opposed any practices forbidden under [FEHA] or because the person has filed a complaint, testified, or assisted in any proceeding under [FEHA]."  (Gov. Code, § 12940, subd. (h).)  In evaluating claims of retaliation under FEHA, courts apply the burden-shifting approach set forth in *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792.  (See *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1042; *Zamora v. Security Industry Specialists, Inc., supra*, 71 Cal.App.5th at p. 63; *Cornell v. Berkeley Tennis Club* (2017) 18 Cal.App.5th 908, 942.)

Under the *McDonnell Douglas* approach the plaintiff has the initial burden to establish a prima facie case of discrimination or retaliation.  (See *Harris v. City of Santa Monica, supra*, 56 Cal.4th at p. 214; *Yanowitz v. L'Oreal USA, Inc., supra*, 36 Cal.4th at p. 1042.)  "To establish a prima facie case of retaliation under FEHA, an employee must show that (1) [he] engaged in a 'protected activity,' (2) the employer subjected [him] to an adverse employment action, and (3) a causal link existed between the protected activity and the employer's action." (*Bailey v. San Francisco Dist. Attorney's Office* (2024) 16 Cal.5th 611, 636; see *Yanowitz*, at p. 1042; *Zamora v. Security Industry Specialties, Inc., supra*, 71 Cal.App.5th at p. 63.)  At trial, "[a] prima facie case establishes a presumption of discrimination [or retaliation].  The employer may rebut the presumption by producing evidence that its action was taken for a legitimate, nondiscriminatory [and nonretaliatory] reason.  If the employer discharges this burden, the presumption of discrimination [or retaliation] disappears.

The plaintiff must then show that the employer's proffered . . . reason was actually a pretext for discrimination [or retaliation], and the plaintiff may offer any other evidence of discriminatory [or retaliatory] motive." (*Harris*, at pp. 214-215; see *Yanowitz*, p. 1042.)

"'An employer may meet its initial burden in moving for summary judgment by presenting evidence that one or more elements of a prima facie case are lacking, or the employer acted for a legitimate, nondiscriminatory [and nonretaliatory] reason.'" (*Wawrzenski, supra*, 106 Cal.App.5th at p. 685; see *Guz v. Bechtel National, Inc., supra*, 24 Cal.4th at p. 357 [employer satisfied its initial burden on summary judgment where the employer "set forth competent, admissible evidence [citations] of its reasons, unrelated to [prohibited] bias," for its employment decisions]; *Zamora v. Security Industry Specialists, Inc., supra*, 71 Cal.App.5th at p. 32 [same].) If the employer makes either showing, ""the employer will be entitled to summary judgment unless the plaintiff produces admissible evidence which raises a triable issue of fact material to the defendant's showing."'" (*Arteaga v. Brink's, Inc., supra*, 163 Cal.App.4th at p. 344, italics omitted; see *Zamora*, at p. 32.)

3.    *The District Met Its Burden To Show It Terminated Verceles's Employment for a Legitimate and Nonretaliatory Reason*

The District moved for summary judgment on two grounds, one of which was that it terminated Verceles's employment for a legitimate and nonretaliatory business reason. An employer's reasons are "legitimate" if they are "facially unrelated to prohibited bias, and which, if true, would thus preclude a finding

27

of discrimination [or retaliation]." (*Guz v. Bechtel National, Inc.*, *supra*, 24 Cal.4th at p. 358, italics omitted; accord, *Hodges v. Cedars-Sinai Medical Center* (2023) 91 Cal.App.5th 894, 910.) "Examples of legitimate reasons are a failure to meet performance standards [citation] or a loss of confidence in an employee." (*Serri v. Santa Clara University* (2014) 226 Cal.App.4th 830, 861; see *Zamora v. Security Industry Specialties, Inc.*, *supra*, 71 Cal.App.5th at p. 56 [an employee's "failure to meet performance standards" is a legitimate reason for an adverse employment action]; *Trop v. Sony Pictures Entertainment, Inc.* (2005) 129 Cal.App.4th 1133, 1149 [that an employee's "job performance did not meet [employer's] demanding standards" was a legitimate business reason to terminate the employee's employment].)

The District argued it terminated Verceles's employment because of his poor job performance and repeated violations of the District's policies, and it submitted undisputed evidence in support of that fact. Verceles became a permanent certificated employee of the District in 2009 after a two-year probationary period. Verceles did not dispute the following criticisms about his job performance: (1) "In 2008, [he] was issued a Below Standard Evaluation in part because of poor classroom management"; (2) "In 2008 [he] was issued a conference memorandum for picking up and slamming a desk after he became angry with students"; (3) "In 2011 [he] was issued a conference memorandum for telling a student 'shut the fuck up' after losing his temper"; (4) "In 2011 [his] evaluation states 'continue to work on improving classroom discipline. Continue to self-monitor feelings so that professional demeanor is presented at all times'"; (5) "In 2013, [he] was issued a Notice of Suspension for allegedly shoving

an i-pad into the chest of an 8th grade student"; (6) "In 2013, [his] evaluation rated him as 'developing' in 'provides effective supervision of students'"; and (7) His "2014-2015 evaluation still referenced issues with classroom management, and that he was making 'slow but steady progress.'"

Regarding the November 12, 2015 incident, the District submitted undisputed evidence that a student reported Verceles pushed a student out of the classroom and that the District investigated the allegation, as it does whenever there is an allegation of abuse against a District employee. After McDuffie received the report she contacted the Los Angeles Police Department and the Department of Children and Family Services. Both agencies advised the District to handle the matter administratively. The District removed Verceles from the classroom and reassigned him after discovering he had a "history of disciplinary actions involving physical violence against students." Investigators with "significant law enforcement experience and child protective services experience" and substantial experience investigating allegations of abuse (which are "fraught with challenges, difficulties, and various sensitivities" on the part of students and staff) investigated the incident. The investigators interviewed 10 witnesses (students and school staff) during the 2016 summer break and interviewed Verceles in January 2017. The team completed its investigation in February 2017.

Finally, the District submitted undisputed evidence that its investigation uncovered multiple instances of misconduct by Verceles and that the District's Board of Education terminated Verceles's employment for that reason. In general, after the investigators complete an investigation, the local district

29

administrator of operations reviews the investigation report and, if the administrator recommends further action, the review process continues with the employee case review committee. That committee reviewed Verceles's case on March 30, 2017 and recommended the Board terminate Verceles's employment "based on the incidents of violence by Mr. Verceles towards students, and his refusal over time to modify such behavior towards students, despite numerous attempts to provide him assistance and guidance and progressive discipline." The Office of General Counsel drafted a nine-page statement of charges that described a range of misconduct by Verceles during 2014 and 2015, including grabbing a student, pushing the student out of the classroom, throwing the student's backpack out of the classroom, and telling the student to "'Get the fuck out'"; telling a student who witnessed that incident to leave the classroom and sending her to the hallway unsupervised during class time; telling students to "'shut up,'" referring to them as "'stupid'" and "'dumb,'" and using profanity in front of students on multiple occasions; and on at least one occasion calling a student "a 'fucking idiot.'" The Board voted to terminate Verceles's employment on March 13, 2018.

In his reply brief Verceles argues the District failed to meet its initial burden on summary judgment because the District did not address all the material allegations in the operative complaint. But a defendant moving for summary judgment does not need to address every allegation in the complaint. As discussed, a defendant moving for summary judgment on a complaint for retaliation under FEHA may meet its initial burden by showing that the plaintiff cannot establish an element of his or her prima facie case or that the defendant had a

legitimate nonretaliatory reason for the alleged adverse employment action.  (See *Guz, supra,* 24 Cal.4th at p. 357; *Wawrzenski, supra,* 106 Cal.App.5th at p. 685.)  By showing it had a legitimate reason to terminate Verceles's employment, the District met its initial burden.

4.      *Verceles Failed To Create a Triable Issue of Material Fact Regarding Pretext*

Verceles argues that the District conducted a "shoddy" investigation and that the District's stated reason for terminating his employment was pretextual.  Verceles, however, failed to create a triable issue of material fact on this point.  True, as Verceles asserts, if an employer terminates an employee for misconduct discovered during the employer's investigation, evidence the investigation was inadequate may undermine the credibility of an employer's stated reason for termination.  (See *Mendoza v. Western Medical Center Santa Ana* (2014) 222 Cal.App.4th 1334, 1343-1345 [employer's denial of retaliatory animus was undermined by evidence of "numerous shortcomings in the investigation conducted by defendants following [the plaintiff's] complaint"]; *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 277 [there were triable issues of material fact in an employment discrimination and retaliation case, where the employer terminated the plaintiff's employment for misconduct revealed by a superficial investigation led by a person with "an axe to grind"].)  But Verceles submitted no evidence the District conducted an inadequate investigation.  Indeed, Verceles submitted no evidence whatsoever in opposition to the District's motion for summary judgment—not even his declaration.

31

Verceles also did not dispute most of the District's undisputed facts and, regarding the few facts he purported to dispute, he cited no supporting evidence. For example, the District cited Verceles's deposition testimony and asserted in its separate statement that, though Verceles "claims that the length of his reassignment pending investigation was 'long' and that the length is circumstantial evidence of a retaliatory animus, he has no basis for an opinion on how long the investigation should have taken, and he is aware that many teachers were on reassignment for a very long time at the same time he was." Verceles disputed this fact, asserting "The investigation should have been completed within 90-120 days of the removal from the classroom." Verceles, however, cited no evidence to support this assertion, and the District submitted evidence it received a high volume of reports during the relevant period, which caused delays in all investigations.

To support his argument the District conducted a shoddy investigation, Verceles cites the allegations in his operative complaint. But Verceles could not defeat the District's motion for summary judgment by citing his allegations; he had to submit evidence. (See § 437c, subd. (p)(2) ["The plaintiff . . . shall not rely upon the allegations or denials of its pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto."]; *Roman v. BRE Properties, Inc.* (2015) 237 Cal.App.4th 1040, 1054 ["Citation to [the plaintiff's] own pleading is meaningless: It is fundamental that to defeat summary judgment a plaintiff must show 'specific facts' and cannot rely on allegations of the complaint"]; see also

*The Law Firm of Fox & Fox v. Chase Bank, N.A.* (2023)
95 Cal.App.5th 182, 192.)

Hoping to mitigate his failure to submit any evidence in opposition to the District's motion for summary judgment, Verceles argues the trial court should have reviewed the entire case file and considered evidence he submitted in opposition to the District's first special motion to strike under section 425.16. Verceles claims he submitted "declarations [and] statistical information, all of which creates genuine issues of material fact. Since it was a part of the court record, the court should have considered it in making its decision to grant summary judgment. The evidence provided should be more than sufficient to overcome summary judgment."  The trial court, however, is not required to review all the documents in the court file and search for evidence to create a triable issue of material fact.  "Material not presented in opposition to the summary judgment motion itself is not properly considered by the court in ruling on the motion." (*Roman v. BRE Properties, Inc.*, *supra*, 237 Cal.App.4th at p. 1054.)  The same is true on appeal.  (See *Yanowitz v. L'Oreal USA, Inc.*, *supra*, 36 Cal.4th at p. 1037 ["[b]ecause this case comes before us after the trial court granted a motion for summary judgment, we take the facts from the record that was before the trial court when it ruled on that motion"]; *Artiglio v. Corning Inc.* (1998) 18 Cal.4th 604, 608 [appellate court reviews the propriety of a ruling on summary judgment "based on the record before the trial court on summary judgment"]; *Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102, 1109 ["[b]ecause this case comes before us after the trial court granted a motion for summary judgment, we consider the evidence in the record before the trial court when it ruled on that motion"].)

In his reply brief Verceles argues he created a triable issue of material fact regarding pretext. Verceles contends evidence that the District terminated his employment two weeks before his right to sue letter from the DFEH expired, that the District issued three disciplinary notices in September and October 2017, that the investigator did not consider statements by a school counselor regarding the credibility of the student Verceles pushed out of the classroom on November 12, 2015, and that the District amended its statement of charges to remove "stale allegations" supports a reasonable inference the District acted with retaliatory animus when it terminated his employment. This argument, however, is triply forfeited. First, he did not make it in the trial court. (See *Cabatit v. Sunnova Energy Corp.* (2020) 60 Cal.App.5th 317, 322 ["If a party fails to raise an issue or theory in the trial court, we may deem consideration of that issue or theory forfeited on appeal."]; *Jackpot Harvesting Co., Inc. v. Superior Court* (2018) 26 Cal.App.5th 125, 155 ["arguments not raised in summary judgment proceedings" are forfeited].) Second, he made it on appeal for the first time in his reply brief. (See *Raceway Ford Cases* (2016) 2 Cal.5th 161, 178 ["We generally do not consider arguments raised for the first time in a reply brief."]; *Coziahr v. Otay Water Dist.*, *supra*, 103 Cal.App.5th at p. 799 ["Points raised for the first time on reply may be forfeited as well."].) Third, he did not support it with citations to the record. (See *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620 [appellant "forfeited any argument that the challenged orders were erroneously issued" because he "failed to appropriately cite the record"].)

34

E.   *The Trial Court Did Not Err in Awarding the District Costs of Proof*

1.   *Applicable Law and Standard of Review*

During discovery a party may serve a written request that another party "admit the genuineness of specified documents, or the truth of specified matters of fact, opinion relating to fact, or application of law to fact." (§ 2033.010.) Such requests "'"are primarily aimed at setting at rest a triable issue so that it will not have to be tried. Thus, such requests, in a most definite manner, are aimed at expediting the trial. For this reason, the fact that the request is for the admission of a controversial matter, or one involving complex facts, or calls for an opinion, is of no moment. If the litigant is able to make the admission, the time for making it is during discovery procedures, and not at the trial."'" (*Vargas v. Gallizzi* (2023) 96 Cal.App.5th 362, 370; accord, *Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 752; see *Orange County Water Dist. v. The Arnold Engineering Co.* (2018) 31 Cal.App.5th 96, 115 [requests for admission "'are not restricted to facts or documents, but apply to conclusions, opinions, and even legal questions,'" and "'serve to narrow discovery, eliminate undisputed issues, and shift the cost of proving certain matters'"].)

If a responding party denies a request for admission the propounding party later proves, section 2033.420, subdivision (a), provides for an award of costs of proof: "If a party fails to admit the genuineness of any document or the truth of any matter when requested to do so under this chapter, and if the party requesting that admission thereafter proves the genuineness of that document or the truth of that matter, the party requesting the

35

admission may move the court for an order requiring the party to whom the request was directed to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees." Section 2033.420, subdivision (b), provides: "The court shall make this order unless it finds any of the following: [¶] (1) An objection to the request was sustained or a response to it was waived under Section 2033.290. [¶] (2) The admission sought was of no substantial importance. [¶] (3) The party failing to make the admission had reasonable ground to believe that that party would prevail on the matter. [¶] (4) There was other good reason for the failure to admit." An award for costs of proof "'is not a penalty. Instead, it is designed to reimburse reasonable expenses incurred by a party in proving the truth of the requested admission.'" (*Vargas v. Gallizzi*, *supra*, 96 Cal.App.5th at p. 370; see *Brooks v. American Broadcasting Co.* (1986) 179 Cal.App.3d 500, 509.)

"'The determination of whether "there were no good reasons for the denial," whether the requested admission was "of substantial importance," and the amount of expenses to be awarded, if any, are all within the sound discretion of the trial court.'" (*Bloxham v. Saldinger, supra,* 228 Cal.App.4th at p. 753; accord, *Vargas v. Gallizzi*, *supra*, 96 Cal.App.5th at p. 371.) "By contrast, if the trial court exercises its discretion and determines that the requirements of the statute exist, reasonable expenses *must* be awarded." (*Brooks v. American Broadcasting Co., supra,* 179 Cal.App.3d at p. 508; accord, *Vargas*, at p. 371.) "On appeal, the trial court's decision will not be reversed unless the appellant demonstrates that the lower court abused its discretion." (*Brooks*, at p. 508; see *Vargas*, at p. 371.) "An abuse of discretion is shown if the trial court based its decision on an incorrect legal

36

standard or if the court's factual findings are not supported by substantial evidence." (*Vargas*, at p. 371; see *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 733.)

2.     *The District Was Entitled To Recover the Costs of Proving It Fired Verceles for Cause*

The trial court did not abuse its discretion in concluding Verceles did not reasonably believe he would be able to prove retaliatory animus by anyone at the District. "To justify denial of a request, a party must have a '*reasonable* ground' to believe he would prevail on the issue." (*Grace v. Mansourian* (2015) 240 Cal.App.4th 523, 532.) "The denial 'must be grounded in the evidence; it cannot be based merely on "hope or a roll of the dice."'" (*Vargas v. Gallizzi*, *supra*, 96 Cal.App.5th at p. 373; accord, *Orange County Water Dist. v. The Arnold Engineering Co.*, *supra*, 31 Cal.App.5th at p. 116.) In its first set of requests for admission the District asked Verceles to admit, among other things, that his "employment was terminated for cause" and that he had "no evidence to establish any retaliatory animus held by anyone at LAUSD towards . . . Verceles for engaging in any activity protected by the Fair Employment and Housing Act." Verceles denied the requests for admission. But, as the trial court observed, only a few weeks later the District deposed Verceles, and he testified he did not know or could not recall if anyone involved in the investigation or the decision to terminate his employment was even aware he filed a DFEH complaint. And in opposition to the District's motion for summary judgment, Verceles submitted no evidence—not even a declaration— regarding retaliatory animus (or anything else). Because hope or wishful thinking is not a reasonable basis for denying a request

37

for admission, the court did not err in awarding the District costs of proof under section 2033.420.

Verceles does not argue that he properly denied the District's requests for admission or that one of the exceptions in section 2033.420, subdivision (b), applies. Instead, he argues the District's requests for admission were improper because they concerned "the ultimate issues in the case" and therefore were part of an "improper tactic" by the District. Verceles cites two cases to support his argument. Both cases are distinguishable.

In the first case, *Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, the court reversed an order granting the defendants' request for costs of proof. The court concluded the plaintiffs could have reasonably believed they would prevail on the relevant issues at trial because the trial court had denied one defendant's motion for summary judgment and the issues addressed in the requests for admission "were vigorously contested at trial." (*Id.* at pp. 130-132.) The court in *Universal Home Improvement* also concluded the defendants failed to support their request for costs of proof with an adequate summary of the evidence presented at trial—a failure that was particularly significant because the judge who heard and decided the motion for costs of proof was not the judge who presided over the trial. (*Id.* at pp. 129, 131-132.) None of these circumstances is present here: The District prevailed on summary judgment, Verceles did not "vigorously contest" anything, and the trial judge heard the District's motion for costs of proof.

In the second case, *Pappas v. Chang* (2022) 75 Cal.App.5th 975, the same court that decided *Universal Home Improvement, Inc. v. Robertson*, *supra*, 51 Cal.App.5th 116 affirmed an order denying the defendant's posttrial request for costs of proof. The

trial court in that case found the plaintiff denied the requests for admission "'based upon a good faith belief that she would prevail at trial'" on the issues in the defendant's requests for admission. The court in *Pappas* deferred to the assessment of the trial judge, who had conducted the court trial. (*Pappas*, at p. 993.) The court in *Pappas* also stated, as it had in *Universal Home Improvement,* a defendant is not guaranteed an award for costs of proof simply because the defendant prevails at trial on an issue covered by a request for admission the plaintiff denied before trial. And the court discouraged the tactic, used by the defendants in both *Pappas* and *Universal Home Improvement*, of serving "requests for admissions that 'essentially asked plaintiffs to admit that they had no claim against [the defendants].'" (*Pappas*, at p. 994.)

We share the court's concern in *Universal Home Improvement* and *Pappas* that, in some circumstances, it would be improper to award costs of proof when a party denies, at the outset of a case, a request for admission that essentially asks the party to concede it will not prevail. For example, serving requests for admission that ask the responding party to "admit that you are liable," "admit you will not prevail at trial," or "admit you're gonna lose" may be an abuse of section 2033.240. Similarly, there is something wrong about using broad requests for admission to circumvent the absence of a contractual or statutory prevailing party attorneys' fees provision and allowing a party to recover attorneys' fees under section 2033.240, where there is no contractual or statutory basis for departing from the "American rule" that "litigants are ordinarily responsible for paying their own attorney's fees, unless a statute or agreement provides otherwise." (*Travis v. Brand* (2023) 14 Cal.5th 411, 418.) But that's not what happened here. The District didn't ask

39

Verceles to admit he did not have a valid case against the District; the District served targeted requests for admission regarding fact-specific issues. (See, e.g., *Grace v. Mansourian*, *supra*, 240 Cal.App.4th at p. 530 [reversing an order denying a motion for costs of proof where the defendant denied that he "failed to stop at the red light, that this conduct was negligent, and that it was the actual and legal cause of the accident"].)

### 3. S*ubstantial Evidence Supported an Award of $94,411*

If a party proves entitlement to costs of proof, the trial court must award "reasonable expenses . . . including reasonable attorney's fees" incurred to prove the truth of a matter denied by the opposing party. (§ 2033.420, subd. (a).) "The requested amounts must be segregated from costs and fees expended to prove other issues." (*Grace v. Mansourian*, *supra*, 240 Cal.App.4th at p. 530.) Under the lodestar approach the court calculates an award of reasonable fees by multiplying the number of hours reasonably expended by the reasonable hourly rate. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.) "The reasonable hourly rate is that prevailing in the community for similar work." (*Ibid.*)

Substantial evidence supported the trial court's award of $94,411 for costs of proof. Counsel for the District submitted a declaration in support of the motion for costs stating his previously approved hourly rate in this case and in two other cases ($591); the number of hours counsel spent to prove the truth of the matters denied by Verceles through the District's motion for summary judgment (152 hours); and the cost of taking

40

Verceles's deposition ($4,579).[7]  The "[t]estimony of an attorney as to the number of hours worked on a particular case is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records."  (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559; see *Cruz v. Fusion Buffet, Inc.* (2020) 57 Cal.App.5th 221, 238 ["'[d]eclarations of counsel setting forth the reasonable hourly rate, the number of hours worked and the tasks performed'" are substantial evidence to support an award of attorneys' fees]; *Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 263 ["unlike some other jurisdictions, California law does not require detailed billing records to support a fee award; '[a]n attorney's testimony as to the number of hours worked is sufficient'"]; *Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1324 ["It is not necessary to provide detailed billing timesheets to support an award of attorney fees under the lodestar method."].)

Verceles argues the District "offered no factual basis for the claim of 152 hours.  The 152 hours could include the District's 2 failed [special motions to strike under section 425.16].  It could include the hours [s]pent preparing for the 2 appeals.  The court ordered this amount as a sanction without defining what the time was billed for.  In fact, what is clear is that the District included the $44,000 in a fee award on the first anti-SLAPP motion which was reversed by the Court of Appeal."  Verceles is incorrect.  The District requested costs of proof only for work performed after the District received Verceles's responses to the requests for admission.  Counsel for the District stated in his declaration, "I reviewed and analyzed LAUSD's Individual Staff Billing

---

[7]      $591 x 152 = $89,832 + $4,579 = $94,411.

Report, which reflects all of my time billing on this matter, since February 9, 2024 through the present billing, which is the date that LAUSD received the denials to the Requests For Admissions. My time sheets indicate that I expended 152 hours since the denial of the Requests For Admissions attempting to prove the matters within them as true and use that proof to have this case dismissed via Summary Judgment."

## DISPOSITION

The judgment and the order awarding costs of proof are affirmed. Los Angeles Unified School District is to recover its costs on appeal.

SEGAL, Acting P. J.

We concur:

FEUER, J.

STONE, J.